### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES LEE LISTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-1204-EFM-GEB |
| ) | |
| **WESTERN INDUSTRIES CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (**ECF No. 24**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice to refiling.

Plaintiff's brief motion consists of the following statement:

> PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave for extension to amend 2nd amended complaint and response to motion to dismiss and clarify until January 27th 2018.

(ECF No. 24.) Upon review of this one-sentence request, the Court construes his motion as 1) asking to amend his First Amended Complaint, and/or potentially 2) for an extension of time to respond to the Motion to Dismiss (ECF No. 18), currently pending before District Judge Eric F. Melgren. However, Plaintiff's motion contains problems

that require clarification or additional information in order for the Court to substantively rule on either request.

### 1.     Motion for Leave to File Amended Complaint

First, regarding Plaintiff's request to amend his pleading, Plaintiff was previously permitted to amend his complaint (*see* Order, ECF No. 10 and First Amended Complaint, ECF No. 15, filed Nov. 14, 2017).  His prescribed time to amend the First Amended Complaint without leave of Court, following the filing of Defendant's Motion to Dismiss (ECF No. 18, filed Nov. 27, 2017), has expired.  Therefore, he must seek permission to file a Second Amended Complaint.

But construing Plaintiff's instant motion as a motion for leave to amend, the Court finds Plaintiff failed to comply with D. Kan. Rule 15.1.  That rule requires the party seeking leave to amend a pleading to complete specific steps, including attaching the proposed pleading to the motion for leave.[1]  Despite his pro se status, Plaintiff is expected to comply with the local rules.[2]  The "purpose of Rule 15.1 is to compel parties to provide the Court with the information it needs to determine whether a motion to amend is warranted.  Without a copy of the proposed pleading, the Court cannot conclusively determine if allowing [Plaintiff] to amend his complaint would promote justice or be

---

[1] D. Kan. Rule 15.1(a)(2).
[2] *See Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017) ("While a pro se party is afforded greater leniency than a party with legal representation, 'a plaintiff's pro se status does not relieve him from complying with this Court's procedural requirements.'" (citing *Barnes v. United States*, 173 Fed.Appx. 695, 697 (10th Cir. 2006)); *Santistevan v. Colo. Sch. of Mines,* 150 Fed.Appx. 927, 931 (10th Cir. 2005) (other internal citations omitted)).

entirely futile."[3]  Therefore, the Court must **DENY** Plaintiff's motion for leave to amend his pleading, **without prejudice** to his later refiling his motion in compliance with D. Kan. Rule 15.1.

### 2. Extension of Motion to Dismiss Briefing

Second, in the event Plaintiff seeks some extension of time to file responsive briefing related to the pending Motion to Dismiss—which is somewhat unclear in the current motion—the Court cannot grant his request as currently presented.  Defendant's motion to dismiss (ECF No. 18) is now fully briefed.  Plaintiff filed his response to the motion on December 21, 2017 (ECF No. 22), and Defendant filed a reply in support of its motion on January 5, 2018 (ECF No. 23).  Any additional briefing is generally not permitted.  "The local rules of this Court contemplate only the filing of responses and replies to motions.  They do not contemplate the filing of surreplies."[4]  Surreplies are typically "disfavored and will be permitted only in exceptional circumstances, such as when new material is raised for the first time in the movant's reply."[5]

If Plaintiff wishes to file a surreply, he must seek the Court's leave to do so, and must specify the new relevant material raised by Defendant's Reply brief, or other exceptional circumstance, that would justify the filing of a surreply.  Therefore, to the extent Plaintiff seeks an extension of some briefing deadline related to the motion to

---

[3] *Id*.
[4] *Blair v. Transam Trucking, Inc.*, No. 09-2443-EFM-KGG, 2015 WL 5006076, at *10 (D. Kan. Aug. 20, 2015) (citing D. Kan. Rule 7.1(c)).
[5] *Id*. (citing *Locke v. Grady Cty.,* 437 F. App'x 626, 633 (10th Cir.2011); *Dale v. Beechcraft,* 2014 WL 853028, at *2 (D. Kan. March 5, 2014)).

dismiss, his request is **DENIED without prejudice** to refiling under the appropriate standards.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and "for leave for extension to . . . respon[d] to motion to dismiss" (**ECF No. 24**) is **DENIED without prejudice** to refiling the motion(s) according to the appropriate rules, as outlined above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of January 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
