IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

    *Plaintiff,*

vs.

    Case No. 17-1204-EFM

WESTERN INDUSTRIES CORPORATION,

    *Defendant.*

**MEMORANDUM AND ORDER**

This case arises out of Defendant Western Industries Corp.'s termination of Plaintiff James Lister's employment after a safety incident involving a saw that could have, but did not, result in serious physical injuries to another employee. Plaintiff asserts that Defendant terminated his employment while at the same time retaining the other employees also involved in the incident, and alleges that Defendant terminated him because of his race—African American. He pursues claims for unlawful discrimination as well as "employer negligence" arising from Defendant's violations of the Occupational Safety and Health Act of 1970 ("OSHA") and its denial of workers compensation benefits. Defendant filed a Motion to Dismiss (Doc. 18), arguing that Plaintiff's race discrimination claim is barred by his failure to adequately plead exhaustion of administrative remedies and failure to timely file this action, that OSHA does not authorize a private right of action, and that Plaintiff's exclusive remedy for the alleged denial of workers' compensation

benefits arises under the Kansas Workers' Compensation Act ("KWCA"). For the reasons explained below, the Court denies in part and grants in part Defendant's motion.

## I.   Factual and Procedural Background

According to Plaintiff's First Amended Complaint, in 2015, a temporary placement service assigned Plaintiff to work for Defendant as a "temp," with the potential for permanent hire after 90 days. Plaintiff began work for Defendant on November 25, 2015. On January 19, 2016, Plaintiff and three other workers were involved in a workplace safety incident involving a saw. After a machine operating a saw blade shut down, the lead/saw operator and another employee began changing the saw blade, while Plaintiff and another employee stacked wood onto pallets in the area at the back of the machine. The lead/saw operator asked Plaintiff if they were "clear in the back," and Plaintiff responded affirmatively. The lead/saw operator then started the saw with an employee still in the machine. The saw cut the boot of the employee inside the machine, but the employee did not sustain any physical injuries. The lead/saw operator blamed Plaintiff for the close call, and Plaintiff asserts that it was not his responsibility to look inside the machine and ensure that the employee inside had left. Rather, Plaintiff alleges that this responsibility belonged to the lead/saw operator.

Plaintiff alleges that the manager originally fired two employees—Plaintiff and the lead/saw operator—but that when the lead/saw operator pleaded for his job, the manager agreed to only fire Plaintiff. Plaintiff alleges that Defendant discriminated against him on the basis of his race when it fired only him, the sole African American involved in the incident, while at the same time retaining the three white employees also involved in the incident.

Plaintiff alleges that he subsequently reported the incident to the Occupational Safety and Health Administration, which found Defendant at fault for not having proper lock out/tag out

procedures in place and cited Defendant for not providing employees with dust masks. Plaintiff's First Amended Complaint implies that he either filed or attempted to file a workers' compensation claim relating to saw dust, and that Defendant precluded him from pursuing workers' compensation benefits. Plaintiff does not identify when he sought workers' compensation benefits; nor does he identify the alleged injury entitling him to such benefits.

Proceeding pro se, Plaintiff filed this lawsuit on August 15, 2017. He filed a First Amended Complaint on November 14, 2017, that purports to identify three causes of action: (1) wrongful termination/discrimination, (2) employer negligence due to "improper lock out tag," and (3) employer negligence in its denial of mask/P.P.E. to employees as well as its denial of "workers comp [sic] to file a claim for workers comp due to exposure of saw dust."

Defendant filed a motion to dismiss Plaintiff's First Amended Complaint alleging that Plaintiff has failed to state a claim for which relief can be granted on any of his claims arguing (1) Plaintiff failed to plead exhaustion of administrative remedies and failed to timely file his discrimination claim after receiving his notice of right-to-sue letter, (2) OSHA does not create a private cause of action, and (3) the KWCA provides the exclusive remedy for a claim for workers' compensation benefits and bars this action.

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, to "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."[1]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

mustering factual support for *these* claims."[2] The plausibility standard enunciated by the Supreme Court in *Bell Atlantic v. Twombly*, seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause action,' which the Court stated 'will not do.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5] The Court, however, cannot "assume the role of advocate for the pro se litigant."[6] The Court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7] The Court need only accept as true a plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[8]

---

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[6] *Id.*

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citation omitted).

[8] *Hall*, 935 F.2d at 1110 (citation omitted).

### III.     Analysis

**A.     Plaintiff's race discrimination claim**

Plaintiff's First Amended Complaint contains enough facts to state a claim to relief that is plausible on its face under 42 U.S.C. § 1981.[9] Plaintiff alleges that he and three other employees were involved in a workplace accident with a saw that could have caused serious bodily injury to one of the employees involved, but fortunately, did not. After the incident, Defendant terminated Plaintiff, the only African American employee involved in the incident, and retained the other three white employees involved in the incident. Plaintiff denies fault for the near-miss, asserts that responsibility for the near-miss belongs to the lead/saw operator, and alleges that Defendant unlawfully discriminated against him on the basis of his race by firing Plaintiff and retaining the three white employees also involved in the incident. Plaintiff has set forth facts sufficient to state a claim for race discrimination that is plausible on its face.[10]

Defendant offers only two arguments in favor of dismissal of Plaintiff's race discrimination claim: (1) that Plaintiff failed to adequately plead exhaustion of administrative remedies, and (2) that Plaintiff failed to file his lawsuit within 90 days of receiving his notice of right-to-sue letter.[11]

---

[9] The same legal framework applies to race discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and § 1981. *See Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). A plaintiff may establish a prima facie case of discrimination under Title VII or § 1981 by showing "(1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Id*.

[10] *See, e.g.*, *Clay v. United Parcel Serv., Inc.*, 983 F. Supp. 2d 1331, 1339-40 (D. Kan. 2013) (denying a defendant's motion to dismiss race discrimination claim where amended complaint included facts alleging that the defendant terminated the plaintiff after a verbal altercation with a white co-worker but retained the white co-worker).

[11] Before a plaintiff may pursue a claim of race discrimination under Title VII in court, he must have both (1) exhausted his administrative remedies and (2) filed his lawsuit within 90 days of receiving a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(b).

While these requirements apply to claims brought under Title VII, they do not apply to claims brought under § 1981.[12]

Plaintiff's First Amended Complaint references neither Title VII nor § 1981, and it does not attempt to identify the statutory scheme under which he seeks to pursue his discrimination claim. This failure, however, does not require dismissal of his claim. The Tenth Circuit has explained this Court's obligation to liberally construe a pro se litigant's pleadings as follows:

> A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so *despite the plaintiff's failure to cite proper legal authority*, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[13]

Here, Plaintiff identifies his legal theory as "wrongful termination/discrimination," and adequately pleads facts to support a claim of race discrimination. Plaintiff does not specifically seek to pursue his claim under Title VII; nor does he purport to limit his claim to one under Title VII; and the Court declines Defendant's invitation to do so. Indeed, dismissal of Plaintiff's race discrimination claim for failing to specifically cite 42 U.S.C. § 1981 would contravene the Tenth Circuit's instruction regarding the proper construction of a pro se plaintiff's pleadings.

Finally, because Defendant asserts arguments only applicable to discrimination claims brought under Title VII, and because Plaintiff's First Amended Complaint does not specifically seek to pursue a claim under Title VII, the Court declines to address Defendant's arguments at this

---

[12] *Clay*, 983 F. Supp. 2d at 1339; 42 U.S.C. § 1981.

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (emphasis added) (internal citations omitted).

stage. Should Plaintiff later seek to pursue his claim under both § 1981 and Title VII, Defendant may file a motion seeking dismissal of Plaintiff's Title VII claim on the grounds alleged here.

Plaintiff has adequately pleaded facts to state a claim for race discrimination under 42 U.S.C. § 1981. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's race discrimination claim.

## B.   Plaintiff's "employer negligence" claims

Plaintiff's First Amended Complaint fails to identify facts sufficient to state a claim with respect to Plaintiff's "employer negligence" claims, which appear premised on alleged OSHA violations—an "improper lock out tag" procedure and the denial of personal protective equipment (dust masks)—and on an alleged violation of the KWCA—the denial of Plaintiff's attempts to exercise his workers' compensation rights. First, Plaintiff has failed to identify any alleged harm he suffered as a result of Defendant's alleged negligence. Plaintiff does not allege that he suffered harm as a result of Defendant's alleged improper "lock out tag" procedure or that he suffered any injury due to Defendant's alleged failure to provide dust masks. Nor does Plaintiff provide any detail as to the basis of his workers' compensation-based claim, such as if and when he sought workers' compensation benefits or for what injury. Second, neither OSHA nor the KWCA authorize a private cause of action for alleged violations of those Acts.[14] Plaintiff cannot pursue a cause of action based on Defendant's alleged OSHA violations or on Defendant's denial of workers' compensation benefits, and Plaintiff has failed to otherwise plead facts sufficient to

---

[14] *See, e.g.*, *Stovall v. Brykan Legends, LLC*, 2018 WL 1992536, at *2 (D. Kan. 2018) ("The exclusive remedy provision [of the KWCA] precludes workers who can recover under the KWCA from bringing a common law negligence action against an employer."); *Douglass v. United Auto Workers, Local 31*, 368 F. Supp. 2d 1234, 1248 (D. Kan. 2005) (citing 29 U.S.C. § 653(b)(4)) ("OSHA does not create a private cause of action on behalf of injured workers."); K.S.A. § 44-501b(d) ("Except as provided in the workers compensation act, no employer . . . shall be liable for any injury . . . for which compensation is recoverable under the workers compensation act.").

support a claim for "employer negligence." Accordingly, Plaintiff's "employer negligence" claims fail to state a claim upon which relief may be granted, and the Court dismisses these claims.

### IV.     Conclusion

For the reasons stated above, the Court denies in part and grants in part Defendant's motion to dismiss. Because Plaintiff has adequately stated a claim for race discrimination under 42 U.S.C. § 1981, his race discrimination may proceed. Plaintiff, however, has failed to adequately state a claim for "employer negligence," and the Court dismisses the two "employer negligence" claims for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS SO ORDERED**.

Dated this 18th day of May, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE