IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

    *Plaintiff,*

vs.

    Case No. 17-1204-EFM

WESTERN INDUSTRIES CORPORATION,

    *Defendant.*

**MEMORANDUM AND ORDER**

    This case arises out of Defendant Western Industries Corp.'s termination of Plaintiff James Lister's employment after a safety incident involving a saw that could have, but did not, result in serious physical injuries to another employee. His First Amended Complaint pursues claims for unlawful discrimination as well as "employer negligence" arising from Defendant's violations of the Occupational Safety and Health Act of 1970 ("OSH Act") and its denial of Plaintiff's request for workers' compensation benefits. The Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's claims, and dismissed Plaintiff's "employer negligence" claim. Plaintiff seeks reconsideration of the Court's dismissal of his "employer negligence" claim. For the reasons explained below, the Court denies Plaintiff's motion for reconsideration (Doc. 30).

## I. Factual and Procedural Background[1]

According to Plaintiff's First Amended Complaint, filed on November 14, 2017, Plaintiff began working for Defendant as a "temp" on November 25, 2015, with the potential for permanent hire after 90 days. On January 19, 2016, Plaintiff and three other employees were involved in a workplace safety incident that almost, but did not, seriously injure another employee. Plaintiff alleges that Defendant discriminated against him on the basis of his race when it fired only him, the sole African American involved in the incident, while at the same time retaining the three white employees also involved in the incident.

Plaintiff's First Amended Complaint also implies that he either filed or attempted to file a workers' compensation claim relating to saw dust, and that Defendant precluded him from pursuing workers' compensation benefits. It does not identify when he sought workers' compensation benefits; nor does it identify the alleged injury entitling him to such benefits.[2] On November 27, 2017, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint. The Court denied Defendant's motion as to Plaintiff's discrimination claim, but granted it as to Plaintiff's OSHA and KWCA claims.

Plaintiff filed a motion for reconsideration under Fed. R. Civ. P. 59(e) identifying additional factual allegations regarding his attempts to file a workers' compensation claim, his lack of insurance, the injury he claims to have suffered, and Defendant's alleged denial of his workers'

---

[1] This Order provides a truncated version of the facts alleged in Plaintiff's First Amended Complaint and this Court's prior Order and Memorandum (Doc. 28). A more complete version of Plaintiff's allegations may be found in this Court's prior Order.

[2] Plaintiff also alleges that he reported the safety incident to the Occupational Safety and Health Administration, which found Defendant at fault for not having proper lock out/tag out procedures in place and cited Defendant for not providing employees with dust masks. Plaintiff does not seek reconsideration of the Court's dismissal of his employer negligence claim to the extent it relied on violations of OSH Act.

compensation claim. Plaintiff asserts that he has attempted to call Defendant several times to file a workers' compensation claim due to sawdust exposure that has affected his asthma, and that Defendant has denied his attempts to file a claim in violation of the KWCA. Plaintiff attached a "denial letter" to his motion for reconsideration. It is a letter from Defendant's counsel stating, "Mr. Lister, I have spoken with April Beverly and confirmed that any workers' compensation claim will need to be submitted to Manpower. Here is the contact information I have . . .", and providing contact information for the Wichita/Hutchinson, Kansas, Branch Manager of Manpower.

## II. Legal Standard

This Court may only grant a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if Plaintiff can establish: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] In other words, relief may be granted if the Court "misapprehended the facts, a party's position, or the controlling law."[4] Absent extraordinary circumstances, the Court will not grant a motion for reconsideration that "merely advances new arguments, or supporting facts which were available at the time of the original motion."[5]

## III. Analysis

Plaintiff has not satisfied his burden to establish any of the grounds that may support his motion for reconsideration. He does not allege the existence of an intervening change in law or

---

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[4] *Id*.

[5] *Id*.

that his motion must be granted to correct clear error or prevent manifest injustice—nor would the record support either argument. Instead, he appears to rely on the "new evidence previously unavailable" justification. Plaintiff, however, does not purport to rely on new evidence—he does not identify the dates associated with his factual assertions or claim that the facts were previously unavailable to him. Indeed, both exhibits attached in support of his motion pre-date his First Amended Complaint.[6] Plaintiff does not assert "new evidence previously unavailable" and has not identified extraordinary circumstances to allow the Court to consider the additional facts. Rather, it appears that Plaintiff merely advances new facts available to him before he filed his First Amended Complaint and before the parties' briefed Defendant's motion to dismiss.[7] Plaintiff's motion for reconsideration fails to meet the criteria for altering or amending this Courts' prior Memorandum and Order (Doc. 28). Accordingly, the Court denies Plaintiff's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 30) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] One exhibit appears to depict a conversation that occurred in October 2017, and the other exhibit appears to depict an e-mail sent on November 3, 2017.

[7] Regardless, even if the Court considered the additional factual allegations, they do not affect the Court's prior determination that Plaintiff has failed to sufficiently state a claim for "employer negligence."