# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

    *Plaintiff,*

vs.

    Case No. 17-CV-01204-EFM-GEB

WESTERN INDUSTRIES CORPORATION,

    *Defendant.*

## MEMORANDUM AND ORDER

Proceeding pro se, Plaintiff James Lee Lister brought suit against Western Industries Corporation alleging race discrimination. On October 23, 2019, this Court granted Western's Motion for Summary Judgment and closed the case. After the Tenth Circuit affirmed the Court's judgment, Western filed its Bill of Costs, which the Clerk of the Court taxed pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1). Now before the Court is Lister's Motion to Retax Costs (Doc. 115). For the reasons explained below, the Court grants the motion in part and denies it in part.

### I.    Factual and Procedural Background

On August 10, 2021, the Tenth Circuit affirmed the Court's judgment in favor of Western. On August 18, 2021, Western timely filed its Bill of Costs, but failed to attach a memorandum in

support as required by Local Rule 54.1. Two months later, Lister filed his Objection to Western's Bill of Costs, in which he asserted that the requested costs were unreasonable and requested further explanation of the costs. Two days after Lister filed his objections, Western filed its Memorandum in Support of Bill of Costs. The Clerk of the Court then taxed costs to Lister on October 21, 2021. On November 1, 2021, Lister filed his Motion to Retax Costs.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(1) authorizes the reasonable and necessary costs of the prevailing party to be taxed against the losing party. These costs may include, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees and disbursements for printing and witnesses."[1] To recover these costs, the prevailing party "must file a bill of costs . . . within 30 days after . . . the expiration of time allowed for appeal" or after "receipt by the clerk of an order terminating the action on appeal."[2] Additionally, "[t]he party seeking costs must file a memorandum in support of its costs with the bill of costs."[3] The memorandum must contain an itemized description of the costs, "set forth the statutory and factual basis for the reimbursement of those costs under 28 U.S.C. § 1920," "include copies of relevant invoices, receipts, and disbursement instruments in support of the requested costs," and "state that the party has made a reasonable effort . . . to resolve disputes regarding costs."[4]

---

[1] 28 U.S.C. § 1920(2), (3).

[2] D. Kan. R. 54.1(a)(1).

[3] *Id.* at (a)(2).

[4] *Id.*

"Within 14 days from the date the bill was filed, a party who objects to any item in a bill of costs must file a memorandum setting forth such objections with supporting documentation."[5] "When objections are filed, the clerk will consider the objections and any reply, and will tax costs subject to review by the court."[6] "[T]he court may review the clerk's action when a party files and serves a motion for review within seven days of the date the clerk taxes costs."[7]

### III.     Analysis

In his Motion to Retax Costs, Lister argues that Western failed to confer with him regarding costs prior to filing its Bill of Costs as required by D. Kan. R. 54.1(a)(2)(D). Lister further argues that he cannot afford to pay the costs, that he disagrees with the amount listed in the Bill of Costs, that he had a strong case, and that taxing costs against a pro se party will discourage future pro se filings. In response, Western argues that Lister did not timely file his objections to Western's Bill of Costs, nor timely file his Motion to Retax Costs. Western also suggests that Lister misrepresented to the Court that Western failed to contact him prior to filing its Memorandum in Support.

The Court first notes that although Western states that it conferred with Lister regarding the costs, Western's attachments indicate that it did not do so until after it had filed its Bill of Costs on August 18. Thus, the Court finds that Lister did not misrepresent Western's failure to confer before filing its Bill of Costs as required by Local Rule 54.1(a)(2)(D). Further, Western does not explain its over two-month delay in filing its Memorandum in Support, despite Local Rule 54.1(a)(2)'s requirement that the memorandum in support be filed with the prevailing party's bill

---

[5] *Id.* at (b)(1).

[6] *Id.* at (b)(3).

[7] *Id.* at (c); *see also* Fed. R. Civ. P. 54(d)(1).

of costs. In fact, Western failed to file its Memorandum in Support until *after* Lister objected to Western's Bill of Costs. Because Western's Bill of Costs was not compliant with the Local Rules at the time it was filed, the Court concludes that Lister's failure to timely object did not preclude the Clerk from reviewing Lister's objections.

The Court also rejects Western's assertion that Lister's Motion to Retax Costs should be denied as untimely. The Clerk of the Court taxed costs on October 21, 2021. Although Lister failed to file his Motion to Retax Costs until November 1, 2021, four days after the expiration of his seven-day window under Federal Rule of Civil Procedure 54(d)(1), the Court again notes that Western's Memorandum in Support of its Bill of Costs was not filed until October 20, 2021. Under Local Rule 54.1(b), the party to be taxed has 14 days from the date of the prevailing party's filing of its bill of costs to file its objections. Western's failure to confer and failure to timely file its Memorandum in Support with its Bill of Costs unfairly deprived Lister of this 14-day window to review Western's arguments and prepare his objections. The Court therefore will not deem Lister's Motion to Retax Costs untimely.

Turning now to the merits of Lister's Motion to Retax Costs and Lister's Objection to Bill of Costs, the Court first looks to the costs associated with Lister's deposition. Section 1920 provides that the Court may tax the losing party with costs "for printed or electronically recorded transcripts necessarily obtained for use in the case."[8] The Court concludes that Lister's deposition, which was referenced throughout Western's Motion for Summary Judgment, was necessarily obtained for use in the case. Further, although not specifically enumerated in 28 U.S.C. § 1920, the Tenth Circuit has held that "the costs associated with videotaping a deposition are taxable

---

[8] 28 U.S.C. § 1920(2).

under section 1920(2)."[9]  Because Lister provides no basis for his assertion that the costs associated with his deposition were unreasonable, the Court concludes that the Clerk properly taxed the cost of Lister's deposition, reduced for postage, shipping fees, and items of convenience.[10]

Next, Western requested $460.99 in fees and disbursements for printing of records from the City of Salina, CiOX Health, COMARE of Sedgwick County, Hunter Health, the Social Security Administration, Pearson Construction, Grace Med Health Clinic, and the City of Wichita. The Clerk of the Court taxed $447.62 against Lister, deducting $13.37 for shipping charges.  Upon review, however, the Court finds that Western failed to set forth the statutory and factual basis for the reimbursement of its costs as required by Local Rule 54.1(a)(2)(B).  Although 28 U.S.C. § 1920(3) explicitly allows for taxing of such costs, Western provides no explanation in its Memorandum in Support of its need for the requested records.

Further, when Lister inquired with Western about the costs, Western gave the same boilerplate explanation for each record request, stating that "[t]hese records were obtained in connection with Western Industries' discovery and use in its defense to your complaint."[11]  The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."[12]  Western's failure to provide any explanation at all of its need for the records provides the Court with no basis to award it costs.  The Court therefore reduces the costs to be taxed to Lister by $447.62.

---

[9] *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997).

[10] *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005) (disallowing taxation of costs for items for the convenience of counsel, such as exhibits, postage, and delivery) (citations omitted).

[11] Mem. in Supp. Bill of Costs, Ex. A, Doc. 113-1, at 1–2.

[12] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002) (citation omitted).

Finally, the Court concludes that Lister's arguments regarding the strength of his case, his indigent status, and a possible chill on pro se filings do not justify a waiver of the remaining costs. The Tenth Circuit has held that "the denial of costs is 'in the nature of a severe penalty' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.' "[13] Further, this Court has rejected suggestions that it "should penalize a party simply because a financial disparity exists between the parties."[14] Because Lister has not offered any reason why Western should be penalized in this case, the Court will not deny Western's request for costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Retax Costs (Doc. 115) is **GRANTED in part and DENIED in part.**

Lister's Bill of Costs as outlined in Doc. 114 is to be reduced by $447.62.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2021.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)).

[14] *Higgins v. Potter*, 2011 WL 3667097, at *1 (D. Kan. 2011); *see also Sauceda v. Dailey*, 1998 WL 709601, at *1 (D. Kan. 1998).